† BAKER v. SPEYER & CO.

PURCHASE OF GOODS ON THE INSTALLMENT PLAN.

One purchasing goods on the installment plan, executing a mortgage thereon and subsequently defaults as to succeeding payments, and in consequence of such default, the seller takes possession of the goods under his mortgage, he must restore a portion of the purchase money paid by the buyer.

SMITH J.

The case raises the question whether one purchases goods on the installment plan, and simultaneously executes a mortgage thereon to the seller to secure the deferred payments of the purchase money, and makes substantial payments thereon, but afterwards makes default as to other of the payments, the seller, in accordance with the terms of the mortgage, may legally take possession of the mortgaged property without complying with the provisions of section 2 of the act passed May 4, 1885 (S. & B's Revised Statute, 7913–73), by tendering to the purchaser the sum or sums of money so paid, after deducting therefrom a reasonable compensation for the use of such property, which shall in no case exceed fifty per cent. of the amount so paid; that is whether a transaction of this kind when a mortgage is given comes within the letter or spirit of this law.

We understand that the supreme court in the decision of the case of the *Singer Manufacturing Company* v. *Caldwell* (35 Law Bull., 375), affirming the decision of the circuit court of Jefferson county, upon the grounds stated in the opinion of that court (4 C. D., 680), has held that it does. The question was properly raised in this case by exception taken to the rulings of the court directing the jury to return a verdict for the plaintiff below, Speyer and Company, and in refusing to charge the jury as requested by defendant's counsel on that point.

The judgment will be reversed and a new trial awarded.

*C. C. Benedict*, for Plaintiff in Error.

*Outcalt, Granger & Hunt*, Contra.

---

## CORRECTION OF JUDGMENT.